UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY HENDRIX,

    Plaintiff,

v.                                                Case No: 8:20-cv-2771-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Gary Hendrix, seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.   Procedural Background

Plaintiff filed an application for supplemental security income on February 26, 2018. (Tr. 38, 145–150.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 64–66, 69–74.) Plaintiff then requested an administrative hearing. (Tr. 79.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 536–58.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

Plaintiff's claims for benefits. (Tr. 12–25.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–5, 142–44.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B.   **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning on November 1, 2013. (Tr. 39–40, 145.) According to Plaintiff's testimony at the hearing before the ALJ, Plaintiff has a tenth-grade education in special education classes. (Tr. 540–41.) Plaintiff's disability report, however, states that he completed the twelfth grade and was not in special education classes. (Tr. 172.) Plaintiff has no past relevant work experience. (Tr. 161–64, 217, 554.) Plaintiff alleged disability due to arthritis of the spine and knees, hypertension, and urinary incontinence. (Tr. 542, 544, 549–551.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since February 26, 2018, the application date. (Tr. 17.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the knee, and hypertension. (*Id.*) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R § 416.967(b) with the following limitations:

> [Claimant] could lift and carry 20 pounds occasionally and 10 pounds frequently, and stand/walk for up to six hours and sit for up to six hours, respectively, out of an eight-hour workday. He can occasionally climb ramps and stairs, stoop, crouch, kneel and crawl. He cannot climb ladders, ropes or scaffolds. The claimant cannot have exposure to hazards such as unprotected heights and moving machinery. The claimant cannot have concentrated exposure to fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants. Beginning May 16, 2019, the claimant would have the above limitations except that he would instead be limited to standing and walking for no more than 4 hours per eight-hour workday.

(Tr. 19–20.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 21.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 23.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a bagger, small products assembler, cashier II, and furniture rental clerk. (Tr. 24.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 25.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result

in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly assess the combined effects of Plaintiff's impairments; (2) the ALJ's RFC determination is not based on substantial evidence; and (3) the ALJ failed to properly evaluate Plaintiff's subjective complaints. For the reasons that follow, none of these contentions warrant reversal.

### A. The ALJ Properly Considered the Combined Effects of Plaintiff's Impairments

Plaintiff first makes the broad argument that the ALJ failed to properly assess the combined effects of Plaintiff's impairments. (Dkt. 22 at 8.) In his argument, Plaintiff refers to his neck pain and asserts that "the brief reasoning stated by the ALJ to apparently reject the complaints of neck pain is insufficient." (Dkt. 22 at 11.) The Commissioner responds that Plaintiff's argument has no merit because neck pain was not a part of Plaintiff's allegations of disability. (Dkt. 23 at 7.)

Social security claimants have the burden to inform the Social Security Administration and submit all evidence that relates to whether he or she is disabled. 20 C.F.R. § 416.912(a). "This duty is ongoing and requires [claimants] to disclose any additional related evidence about which [they] become aware." *Id*. The ALJ will only consider impairments alleged by the claimant or about which he or she receives evidence. *Id*. "[A]n administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir.

2005) (punctuation omitted) (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)); *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) (holding ALJ had no duty to consider impairments that claimant did not allege when she filed her claim or at the hearing before the ALJ); *Robinson v. Astrue*, 365 F. App'x. 993, 995–96 (11th Cir. 2010) (same).

Plaintiff did not allege any neck pain in his application for benefits and did not testify to neck pain during the hearing before the ALJ. (Tr. 40, 171, 182, 194, 542, 544, 549–51.) In his disability report to the Social Security Administration during his initial application for benefits, Plaintiff did not list any neck pain in his medical conditions that limit his ability to work. (Tr. 171.) On reconsideration, Plaintiff did not add neck pain as a medical condition. (Tr. 40, 182, 194.) During the ALJ hearing, Plaintiff testified to back and knee pain, high blood pressure, breathing problems, and headaches. (Tr. 542–48.) Plaintiff never testified to having neck pain. (Tr. 538–53.) Thus, the ALJ had no duty to investigate Plaintiff's neck pain. *Street*, 133 F. App'x at 627; *Sullivan*, 694 F. App'x at 671; *Robinson*, 365 F. App'x. at 995–96.

Plaintiff relies on *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) and *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) for the argument that the ALJ must consider every alleged impairment. (Dkt. 22 at 10.) However, *Gibson* and *Walker* are distinguishable as Plaintiff did not allege neck pain as an impairment. *See Walker*, 826 F.2d at 1001; *Gibson*, 779 F.2d at 623. Plaintiff also points to a single instance of treatment by Dr. Okafor in May 2019 where Plaintiff complained of neck pain. (Dkt. 22 at 8.) Dr. Okafor noted Plaintiff's x-ray revealed facet arthropathy of the cervical

spine and clinical findings suggested facet mediated pain to be treated with injections. (Tr. 512.)

Despite Plaintiff's arguments, "the ALJ need not scour the medical record searching for other impairments that might be disabling, either individually or in combination, that have not been identified by the claimant." *East v. Barnhart*, 197 F. App'x 899, 902 (11th Cir. 2006). Moreover, the ALJ specifically found that Plaintiff did not have "an impairment or a combination of impairments" that met or medically equaled a listed impairment. (Tr. 19.) In assessing Plaintiff's RFC, the ALJ stated she considered "the entire record" and "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 19–20.) The ALJ then discussed in detail the impairments alleged by Plaintiff. (Tr. 19–23.) The ALJ's statements and analysis of impairments are sufficient to establish that the ALJ considered the combined effect of Plaintiff's impairments. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (finding that the ALJ's statement that she considered the combination of impairments is adequate to show such consideration); *Wilson*, 284 F.3d at 1224–25; *see also Hubbard v. Comm'r of Soc. Sec.*, 618 F. App'x 643, 649–50 (11th Cir. 2015). Thus, Plaintiff's first argument does not warrant reversal.

### B. Substantial Evidence Supports the ALJ's RFC Determination

Plaintiff next argues that the ALJ's RFC determination that Plaintiff is able to perform light work is not based on substantial evidence. (Dkt. 22 at 13.) Plaintiff specifically asserts that "the hypothetical with walking and standing limited to four

hours is beyond what the evidence shows Plaintiff can perform." (*Id.*) In response, the Commissioner points out that the only evidence Plaintiff relies on consists of his subjective complaints at the hearing and to Dr. Okafor, and therefore Plaintiff's argument is best addressed in Section C below regarding the ALJ's evaluation of Plaintiff's subjective complaints. (Dkt. 22 at 12; Dkt. 23 at 11.) Indeed, Plaintiff's argument relies on his own testimony on his limitations in sitting, standing, and walking and Dr. Okafor's recommendation for the use of a high lumbosacral orthosis brace. (Dkt. 22 at 12.) As discussed below, substantial evidence supports the ALJ's credibility finding.

Nevertheless, the court finds the ALJ's RFC finding is supported by substantial evidence. The RFC is a "medical assessment of what the claimant can do in a work setting despite any mental, physical, or environmental limitations caused by the claimant's impairments or related symptoms." *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 689 (11th Cir. 2013); *see Mills v. Berryhill*, 824 F. App'x 894, 899 (11th Cir. 2020). It is strictly the ALJ's duty to determine the claimant's RFC. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877–78 (11th Cir. 2013). The ALJ must consider the claimant's impairments, both severe and non-severe, and all evidence of record. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). In formulating the RFC, the ALJ is not required to refer to every piece of evidence, provided that the ALJ provides sufficient reasoning for the reviewing court to evaluate whether the ALJ considered the claimant's medical condition as a whole. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) ("So long as the ALJ's

decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record.").

Here, the ALJ determined that Plaintiff retained the RFC to perform light work. (Tr. 19.) The ALJ further limited the RFC to occasional climbing of ramps and stairs, stooping, crouching, kneeling, and crawling. (Tr. 20–21.) The ALJ also eliminated climbing ladders, ropes, or scaffolds, and exposure to hazards such as unprotected heights and moving machinery. (Tr. 20, 22.) Plaintiff's standing and walking was limited to no more than four hours per eight-hour workday beginning May 16, 2019. (Tr. 20–21.) Throughout her discussion of the record, the ALJ identified objective medical evidence in support of her RFC determination. When analyzing Plaintiff's back and knee pain, the ALJ relied on May 2019 x-rays of Plaintiff's back and knee as well as treatment and office visit notes thereafter. (Tr. 21.) The ALJ specifically stated that the "[x]-rays and gait decline are the reason for reducing standing and walking to four hours per day after May 16, 2019." (Tr. 21.)

Substantial evidence supports the ALJ's RFC assignment of light work with the limitation of four hours of walking and standing per eight-hour workday. For example, in May 2019, Plaintiff was diagnosed with osteoarthritis of the right knee to be treated conservatively with injections. (Tr. 478.) Similarly, treatment notes for Plaintiff's back pain recommend Plaintiff wear a brace and continue with lumbar facet injections. (Tr. 496.) As the ALJ noted, other visit notes indicate a normal gait and stance without a loss of mobility (Tr. 325, 331) and normal, unassisted ambulation

with negative straight leg raise testing (Tr. 475, 524). Numerous office visit notes indicate that Plaintiff is in no acute distress. (Tr. 239, 245, 264, 270, 283, 289, 303, 310, 324, 330, 334, 438, 457.) As such, substantial evidence supports the ALJ's finding that no greater limitations were required. To the extent Plaintiff contends that it was error for the ALJ to not include greater limitations based on other diagnoses or treatment notes in the record, such as Dr. Okafor's recommendation for a brace, Plaintiff fails to identify any medical opinion to support such a contention. *See Davis v. Barnhart*, 153 F. App'x 569, 572 (11th Cir. 2005); *Ryerson v. Saul*, No. 2:19-cv-01609-SGC, 2021 WL 1192993, at *6 (N.D. Ala. Mar. 30, 2021) ("[A] diagnosis does not establish limitations."); *Forson v. Comm'r of Soc. Sec.*, No. 6:18-cv-1929-ORL-18DCI, 2020 WL 601899, at *5 (M.D. Fla. Feb. 7, 2020) (noting that "[i]t is the effects of the impairments on a claimant's ability to work, rather than the diagnosis, that determines disability").

### C. Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective Complaints

Finally, Plaintiff argues that the ALJ provided insufficient reasoning to discredit Plaintiff's testimony and reject the subjective evidence of pain and other symptoms. Plaintiff asserts that the ALJ "improperly rejected [Plaintiff's] statements about symptom severity as being inconsistent with the overall evidence." (Dkt. 22 at 14.) The Commissioner responds that the ALJ supported her findings on Plaintiff's subjective complaints with an accurate review of the relevant medical evidence. (Dkt. 23 at 12.)

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's subjective symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529, 416.929. To evaluate whether a claimant has established disability through the claimant's testimony of subjective symptoms, the ALJ must apply the following test: first, the ALJ must determine whether there is evidence of an underlying medical condition, and second, whether there is objective medical evidence substantiating the severity of the symptoms from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the symptoms alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. §§ 404.1529, 416.929.

If an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms to determine their effect on the claimant's capacity to work. *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010); 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). In doing so, the ALJ considers all available evidence, including objective medical evidence, medical opinions, information about the claimant's prior work, the claimant's statements about her symptoms, the claimant's daily activities, the frequency and intensity of the claimant's pain or other symptoms, the medications the claimant takes to alleviate pain or other symptoms, and the type of treatment the claimant receives. 20 C.F.R. §§ 404.1529(c), 416.929(c); *see Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650,

657 (11th Cir. 2020). The ALJ also considers "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

If the ALJ decides to discount the claimant's subjective testimony about the intensity, persistence, and limiting effects of her symptoms, the ALJ must articulate explicit and adequate reasons for doing so. *Holt*, 921 F.2d at 1223; *see Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). The ALJ's decision "does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the court] to conclude that the ALJ considered her medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). On appeal, "[t]he question is not . . . whether [the] ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's subjective testimony because claimant's testimony regarding his daily activities was inconsistent with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's subjective testimony). If the ALJ's "clearly articulated credibility finding"

is supported by substantial evidence in the record, the ALJ's finding shall not be disturbed. *Foote*, 67 F.3d at 1562.

Here, the court finds that the ALJ applied the appropriate legal standard in evaluating Plaintiff's subjective complaints about his symptoms and provided a clearly articulated finding to discredit Plaintiff's testimony that was supported by substantial evidence. (Tr. 21–23.) The ALJ found that Plaintiff's statements about his pain symptoms "are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 21.) The ALJ explained her findings, pointing to numerous instances where Plaintiff's testimony was inconsistent with the record. (Tr. 22.) Specifically, the ALJ found that the "medical evidence of record from 2017 through 2019 reports that [Plaintiff's] urinary frequency issues have resolved," but Plaintiff "still alleges urinary frequency of five times per hour when he takes his medications." (Tr. 22, 244, 262, 281, 415, 456, 550.) The ALJ also pointed to the lack of support for Plaintiff's alleged breathing difficulties. (Tr. 22.) Plaintiff testified to using an asthma pump at night. (Tr. 545.) However, the ALJ noted only two complaints of shortness of breath within the medical records and no diagnosis of asthma. (Tr. 22, 260, 266, 279, 285.) Plaintiff also testified that he elevates his legs about twice a week when he has been on his feet too long, but the treatment notes do not contain a recommendation that he do so. (Tr. 22, 547–48). Lastly, the ALJ reasoned that despite Plaintiff's testimony that his back, neck, and knee pain is so severe that he cannot work, there are no pain management visit notes supporting this degree of discomfort and pointed

to the numerous office visit observations of "no acute distress." (Tr. 22, 239, 245, 264, 270, 283, 289, 303, 310, 324, 330, 334, 438, 457.)

Plaintiff argues his testimony regarding his daily activities are not dispositive evidence of his ability to perform work. (Dkt. 22 at 19.) However, the ALJ did not cite to Plaintiff's daily activities to disqualify him from disability benefits. Rather, the ALJ cited to Plaintiff's activities to show inconsistencies between his allegations of disabling symptoms and his statements about his daily activities. (Tr. 20–22.) *See Conner v. Astrue*, 415 F. App'x 992, 995 (11th Cir. 2011) ("A claimant's daily activities may be considered in evaluating and discrediting a claimant's subjective complaints."). Moreover, the ALJ thoroughly explained her reasoning in the decision, including a detailed review of Plaintiff's medical records, testimony, and other evidence of record. (Tr. 17–23.) The ALJ's credibility finding is supported by substantial evidence in the record, including Plaintiff's testimony and medical records, and therefore shall not be disturbed. *See Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 961 (11th Cir. 2016) (affirming ALJ's credibility finding because the ALJ included explicit and adequate reasons to discredit the plaintiff's testimony); *Vazquez v. Comm'r of Soc. Sec. Admin.*, No. 8:19-cv-1039-T-MCR, 2020 WL 5250315, at *9 (M.D. Fla. Sept. 3, 2020) (affirming ALJ credibility finding based upon the plaintiff's medical records and daily activities); *Braun v. Berryhill*, No. 8:16-cv-794-T-DNF, 2017 WL 4161668, at *8 (M.D. Fla. Sept. 20, 2017) (same).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on September 13, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record